IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GABRIEL CUTRER, Reg. No. 31216-034,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO.: 2:17-CV-707-ALB |
| ) | [WO] |
| WARDEN WALTER WOODS,   ) | |
| ) | |
| Respondent.   ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I. INTRODUCTION**

This is a *pro se* petition for a writ of habeas corpus filed by a federal prisoner, Gabriel Cutrer ("Cutrer"), under 28 U.S.C. § 2241.  Cutrer filed this petition while incarcerated at the Montgomery Federal Prison Camp in Montgomery, Alabama, serving a sentence of 120-months after pleading guilty on September 1, 2010, in United States District Court for the Eastern District of Louisiana to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846, two counts of possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. §§ 84l(a)(l) & 841(b)(l)(C), one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(b)(1) & 924(a)(2), and one count of aiding and abetting the possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1) & 18 U.S.C. § 2. Cutrer was sentenced for these convictions on October 19, 2011. Doc. 18-1.

Cutrer argues in his petition that the Bureau of Prisons ("BOP") improperly calculated his federal sentence by failing to apply jail credit for time he spent in state custody which he served prior to his federal sentencing on October 19, 2011.  Cutrer seeks federal sentence credit from

September 3, 2009, through January 17, 2011. According to Cutrer, he is entitled to the jail credit because he received a state pardon on the state charges for which he was in custody, and thus, the time did not count against his state sentence and should be credited to his federal sentence. Doc. 1.

Respondent filed an answer arguing the 28 U.S.C. § 2241 petition for writ of habeas corpus is due to be dismissed. While Respondent concedes an error was made in calculating Cutrer's federal sentence credits, Respondent maintains the error was corrected. Respondent, therefore, argues Cutrer is not entitled to any additional credits beyond that which he was awarded. Doc. 18 at 6–9; Doc. 18-2. The court granted Cutrer an opportunity to respond to Respondent's answer. Doc. 19. Cutrer filed no response. A review of the court's docket and information obtained from the BOP's website,[1] however, reflects Cutrer was released from custody during the pendency of this action.

## II. DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive, it is possible for events subsequent to filing the petition to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975).

---

[1] *Available at* https://www.bop.gov/inmateloc/ (last visited May 15, 2020).

Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies."  Federal courts may not rule upon questions hypothetical in nature or which do not affect the rights of the parties. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).  Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed."  *Id.*

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987) (citations omitted), the court determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

Cutrer's ultimate objective in filing this action was to secure  jail credit for time he spent in state custody prior to his federal sentencing. Cutrer has since been released from custody, however, and there is no longer a case or controversy to litigate.  *United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*citing Graham*).

### III. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Gabriel Cutrer be DISMISSED as moot as a favorable decision on the merits would not entitle him to any additional relief.

It is

ORDERED that **on or before June 2, 2020**, the parties may file an objection to the Recommendation. The parties are advised they must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or

general objections will not be considered by the court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 19th day of May, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE